

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  Fax (203) 773-5376
*New Haven, Connecticut 06510*  www.justice.gov/usao/ct

February 17, 2021

Moira Buckley
Office of Federal Defender
10 Columbus Blvd, Floor 6
Hartford, CT 06103

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
2/17/2021 20
Robin D. Tabora, Clerk
By /s/
Deputy Clerk

Re: <u>United States v. Diaz, et al</u>
Criminal No. 3:19CR59 (KAD)

Dear Attorney Buckley:

This letter confirms the plea agreement between your client, Joseph Diaz (the "defendant" or "Diaz"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

### **THE PLEA AND OFFENSE**

In consideration for the benefits offered under this agreement, Joseph Diaz agrees to plead guilty to Count Three of the Indictment which charges him with possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Count Four of the Indictment which charges him with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The defendant understands that, to be guilty of these offenses, the following essential elements must be satisfied:

### **Count Three – Possession with Intent to Distribute Fentanyl**

First: That on or about February 13, 2019, the defendant knowingly possessed a mixture and substance containing a detectable amount of fentanyl;

Second: That the defendant possessed the fentanyl with the intent to distribute it; and

Third: That the defendant knew that the substance he possessed was a controlled substance.

### Count Four – Poss. of Firearm in Furtherance of Drug Trafficking Crime

First: The defendant committed the drug trafficking crime alleged in Count Three, specifically that he possessed fentanyl with the intent to distribute it; and

Second: The defendant knowingly and intentionally possessed a firearm in furtherance of that drug trafficking crime.

## THE PENALTIES

Imprisonment

Count Three

This offense carries a maximum term of imprisonment of 20 years.

Count Four

This offense carries a minimum mandatory term of imprisonment of five years that must run consecutive to any other sentence imposed, with a maximum term of life imprisonment.

Supervised Release

In addition, as to Count Three, the Court must impose a term of supervised release of at least three years and as much as life to begin after any term of imprisonment. 21 U.S.C. § 841(b)(1)(C). The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841(b)(1)(C) with no credit for time already spent on supervised release.

As to Count Four, the Court may impose of term of supervised release of up to five years. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to five years with no credit for time already spent on supervised release.

Fine

The offense in Count Three carries a maximum fine of $1,000,000. The offense in Count Four carries a maximum fine of $250,000.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $1,250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special

assessment to the Clerk of the Court on the day he is sentenced.

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

Forfeiture

Pursuant to 21 U.S.C. § 853, and because defendant in fact possessed with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as charged in Count Three of the Indictment, the defendant agrees to forfeit all right, title and interests in the following assets:

a) $1,704 in United States currency, seized on February 13, 2019, from the person or possession of Joseph DIAZ;

b) $2,500 in United States currency, seized on February 13, 2019, from 81 Faith Road, Newington, Connecticut;

c) one Ruger, Model LCP, .380 caliber pistol, bearing serial number 371764228, and associated ammunition, seized on February 13, 2019, from the person or possession of Joseph DIAZ; and

d) one Ruger, Model SR22P, .22 caliber pistol, bearing serial number 366-34756, and associated ammunition, seized on February 13, 2019, from 81 Faith Road, Newington, Connecticut.

The defendant acknowledges that the above-listed assets (hereinafter, the "forfeitable assets") are subject to forfeiture as (a) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violation charged in Count Three of the Indictment; or (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation charged in Count Three of the Indictment. *See* 21 U.S.C. § 853(a).

The defendant agrees to take all steps as requested by the United States to pass clear title to all of the forfeitable assets to the United States, to share truthful information with agents and representatives of the United States about any facts and claims concerning the assets, and to testify truthfully in any judicial forfeiture proceeding.

The defendant agrees to waive all interests in the forfeitable assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the

charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further acknowledges that pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) he agrees to forfeit his interest in the following firearms, and any ammunition contained therein: a) one Ruger, Model LCP, .380 caliber pistol, bearing serial number 371764228, and associated ammunition, seized on February 13, 2019, from the person or possession of Joseph DIAZ; and b) one Ruger, Model SR22P, .22 caliber pistol, bearing serial number 366-34756, and associated ammunition, seized on February 13, 2019, from 81 Faith Road, Newington, Connecticut. The defendant acknowledges that his possession of the firearms and ammunition was in violation of 18 U.S.C. § 924(c) and, therefore, the firearms and ammunition are subject to forfeiture.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the

defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Determination of Quantity

The defendant agrees and acknowledges that his relevant and reasonably foreseeable offense conduct involved approximately 199 grams of a mixture and substance containing a detectable amount of fentanyl.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties agree that the drug quantity which form the basis of the offense to which he is pleading guilty and the defendant's relevant and readily foreseeable conduct (see U.S.S.G. § 1B1.3, app. note 1) is approximately 199 grams of fentanyl, which yields a base offense level of 26. See U.S.S.G. § 2D1.1(c)(7). Should the defendant accept responsibility in accordance with U.S.S.G. § 3E1.1, as set forth above, three levels should be subtracted resulting in an adjusted offense level of 23.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate

A total offense level 23, assuming a Criminal History Category I, would result in a sentencing range of 46 to 57 months of imprisonment and a fine range of $20,000 to $1,000,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of at least three years to a maximum of life on Count Three. U.S.S.G. § 5D1.2(a)(1).

A mandatory consecutive sentence of 60 months' imprisonment is agreed and stipulated to by the parties in accordance with 18 U.S.C. § 924(c)(1)(A)(i) and §5G1.2(a) of the Sentencing Guidelines for a sentencing range of 106 to 117 months of imprisonment. The defendant is also subject to a supervised release term of two to five years on Count Four. U.S.S.G. § 5D1.2(a)(1).

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guidelines ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of additional relevant facts that come to their attention.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees

not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed **106** months of imprisonment, a five-year term of supervised release, a $200 special assessment, $1,000,000 fine, and forfeiture of the assets referenced in this agreement, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to possessing with intent to distribute fentanyl removal is presumptively mandatory. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice

received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms, and in some states, the right to vote. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which forms the basis of the Indictment in this case. After sentencing the government will move to dismiss Counts One and Two of the Indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

BRIAN P. LEAMING
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

JOSEPH DIAZ
The Defendant

2-17-21
Date

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

MOIRA BUCKLEY
Attorney for the Defendant

2-17-21
Date