# UNITED STATES DISTRICT COURT
## District of Connecticut

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO.: 3:19-cr-00059-KAD-1 |
| | USM NO: 26189-014 |
| **Joseph Diaz** | |
| | **Brian P. Leaming** |
| | Assistant United States Attorney |
| | **Moira L. Buckley** |
| | Defendant's Attorney |

**THE DEFENDANT:** plead guilty count(s) three and four of the indictment.

Accordingly the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Fentanyl | February 13, 2019 | Three |
| 18 U.S.C. §§ 924(c)(1)(A)(i) and (c)(2) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | February 13, 2019 | Four |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 18 months on count 3 and 60 months on count 4, to be served consecutively.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 48 months. The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The defendant will submit his person, residence, workplace and vehicle to a search, conducted by or on behalf of the Probation Office, at a reasonable time and in a reasonable manner, based on reasonable suspicion the search will disclose evidence of a violation of a condition of his supervised release.

(2) You must participate in a Cognitive Behavioral Program. You must follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

(3) You must participate in a program recommended by the Probation Office and approved by the Court for inpatient or outpatient substance abuse treatment and testing. You must follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

**FORFEITURE ORDER**

All rights, titles, and interests in the following assets are forfeited as to Mr. Diaz:

1) $1,704 in United States currency, seized on February 13, 2019, from the person or possession of Joseph Diaz;
2) $2,500 in United States currency, seized on February 13, 2019, from 61 Faith Road, Newington, Connecticut;
3) one Ruger, Model LCP, .380 caliber pistol, bearing serial number 371764228, and associated ammunition, seized on February 13, 2019, from the person or possession of Joseph Diaz;
4) one Ruger, Model SR22P, .22 caliber pistol, bearing serial number 366-34756, and associated ammunition, seized on February 13, 2019, from 61 Faith Road, Newington, CT.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _____
          Defendant                                                                                           Date

_____   _____
U.S. Probation Officer/Designated Witness                                    Date


**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk


**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                         Lawrence Bobnick
                                                  Acting United States Marshal

                                 By   _____
                                                     Deputy Marshal

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | |
|---|---|
| **Special Assessment:** | $200.00 |
| **Fine:** | $0.00 |
| **Restitution:** | $ 0.00 |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid. The following counts have been dismissed:  One and Two.

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The Court recommends the Defendant participate in the Occupational Education Program, the Drug Abuse Education Course, and the Parenting Program. The Court recommends the Defendant be designated to Fort Devens Camp. If Fort Devens Camp is not an appropriate designation, the Court recommends the Defendant be designated to FCI Danbury.

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prison no later than 2:00 pm on July 28, 2021, under his own power and at his own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender to the United States Marshal Service by 2:00 pm on July 28, 2021.

June 16, 2021
Date of Imposition of Sentence

Kari A. Dooley
United States District Judge
Signed: June 21, 2021